IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS JAMAR MILLS** | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil No.: **PJM 10-3276** |
| v. | * | Crim. No.: **PJM 09-0468** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Travis Jamar Mills, *pro se*, has filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 [Paper No. 309] and a subsequent Motion to Grant § 2255 Relief [Paper no. 333]. Having considered the Motions and the Government's Opposition thereto, the Court **DENIES** the Motions.

**I.**

On September 2, 2009, Mills was indicted on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and fifty or more grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of the Controlled Substances Act, 21 U.S.C. § 846. On February 23, 2010, he pled guilty to the offense. The evidence, which he acknowledged as accurate, indicated that from December 2007 to on or about September 10, 2009, Mills combined, conspired, confederated, and agreed with co-conspirators to distribute and possess with intent to distribute cocaine and crack cocaine. During the plea colloquy, Mills confirmed that he was entering the plea agreement voluntarily without being coerced, that he fully understood the proceedings, and that he was satisfied with his counsel's representation.

At sentencing, Mills himself argued that he qualified for application of the "safety valve" provision in 18 U.S.C. § 3553(f), which enables a defendant to avoid imposition of a statutory minimum sentence. The Government responded that the safety valve did not apply because Mills had lied to investigators during an interview, claiming that he was not involved in the drug conspiracy. Mills's counsel could not produce any evidence to call into question the Government's proffer. The Court then sentenced Mills to the statutory minimum of 120 months' imprisonment, followed by five years of supervised release. Mills did not appeal his sentence.

On November 19, 2010, Mills filed this Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that (1) the Court erred in aggregating the drug quantities in determining his sentence; (2) the Court erred in not reducing his sentence based on the safety valve provision; (3) the Court erred in not retroactively applying the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-120, 124 Stat. 2372; and (4) his counsel was ineffective. On April 22, 2011, he filed a Motion to Grant § 2255 Relief. The Government filed an Opposition to those Motions on June 28, 2011, to which Mills replied.

**II.**

Mills first argues that the Court erred by aggregating the quantities of cocaine and crack cocaine when determining his sentence. The Court disagrees. Application Note 6 to the U.S. Sentencing Guidelines explicitly provides for such aggregation: "Where there are multiple transactions or multiple drug types, the quantities of drugs are to be *added*." *See* U.S.S.G. § 2D1.1 n.6 (emphasis added). The Court properly followed this unambiguous instruction, adding the drug amounts to calculate the appropriate offense level. *See, e.g.*, *United States v. Molina*, 286 F. App. 94, 96 (4th Cir. 2008); *United States v. Sullivan*, 455 F.3d 248, 254 (4th Cir. 2006).

Mills claims that to his knowledge neither he nor any of his co-conspirators distributed or possessed with intent to distribute five kilograms of cocaine or fifty grams of crack cocaine. The claim has no merit. When a defendant voluntarily pleads guilty, as Mills did here, he waives "'the right to contest the factual merits of the charges.'" *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (quoting *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982)). During the plea colloquy, the Government recited the stipulated facts, including the drug amounts, after which the Court asked Mills if those facts were accurate. Mills responded, "Yes." He may not now attack the factual basis of his plea agreement with conclusory assertions about the amount of drugs involved in the offense.

### III.

Mills next contends that the Court erred in not applying the "safety valve" provision of 18 U.S.C. § 3553(f). Again his argument fails. A defendant carries the burden of establishing that all the prerequisites for application of the safety valve have been met. *United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996). One of those requirements is that the defendant truthfully provided all information and evidence he possessed to the Government concerning the offense(s). 18 U.S.C. § 3553(f)(5); *United States v. Ivester*, 75 F.3d 182, 184-85 (4th Cir. 1996).

Mills has not shown that he truthfully supplied the Government with all the information he had concerning the offense. At sentencing, the Government advised the Court that Mills lied to investigators during an interview, claiming that he was not involved in the drug conspiracy. When asked to respond, Mills's counsel could not provide any evidence to the contrary. The Court credited the Government's proffer that Mills had lied to the investigators. Accordingly,

there is no basis to contend that he was entitled to application of the safety valve. *See, e.g.*, *United States v. Grady*, 214 F. App. 324, 327 (4th Cir. 2007).[1]

**IV.**

Mills also argues that the FSA applies retroactively to his case and that his sentence should be reduced to reflect the new ratio for crack cocaine. It is settled, however, that the FSA is not retroactively applicable. *See United States v. Bullard*, 645 F.3d 237, 248-49 (4th Cir. 2011) (holding that because the FSA does not expressly provide for retroactivity, and such intent could not be inferred from its language, its provisions applied prospectively only).[2] Although this claim fails, it may be that Mills is eligible to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), in light of recent amendments to the U.S. Sentencing Guidelines. *See United States v. Foster*, No. 10-5034, 2011 WL 5252697, at *2 (4th Cir. Nov. 4, 2011). He will have to file a separate petition in this regard.

**V.**

Finally, Mills argues that his court-appointed trial attorney rendered constitutionally ineffective assistance. Specifically, Mills cites counsel's failure to press the aggregation and safety valve arguments, discussed *supra*. In light of the Court's prior discussion that neither proposition was meritorious, it is clear that counsel's performance was not deficient.

---

[1] The fact that Mills agreed to plead guilty, admitting to the statement of facts, did not give him license to otherwise lie to the Government about other aspects of the offense. *See Ivester*, 75 F.3d at 184-85.

[2] Other federal courts of appeal have reached the same conclusion. *See United States v. Goncalves*, 642 F.3d 245, 252-55 (1st Cir. 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011); *United States v. Diaz*, 627 F.3d 930, 931 (2nd Cir. 2010); *United States v. Reevey*, 631 F.3d 110, 113-15 (3rd Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

**A.**

A claim of ineffective assistance of counsel is examined under the familiar two-prong framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s first prong, a petitioner must "show that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. A petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 687–88; *see also United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). "Judicial scrutiny of counsel's performance must be highly deferential [because i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Strickland*, 466 U.S. at 689.

Even if a habeas petitioner were able to demonstrate that his counsel's performance "fell below an objective standard of reasonableness" under "prevailing professional norms," *id.* at 687-88, he must also satisfy the second prong of the *Strickland* test by showing that his counsel's "deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice at the sentencing stage, a petitioner must show that, but for counsel's deficient performance, there was at least a reasonable probability of a different sentence. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Soto*, 10 F. App. 226, 228 (4th Cir. 2001).

**B.**

Mills cannot satisfy *Strickland*'s two-prong test. His argument that counsel's representation fell below an objective standard of reasonableness is unsupported. Insofar as Mills is suggesting counsel's inadequacy prior to the plea, his suggestion is just that—vague, too vague to amount to anything. During his plea colloquy, Mills expressly affirmed under oath that

he was satisfied with his counsel's performance and that he fully understood the proceedings.[3] "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted); *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Mills has presented no such extraordinary circumstances, and remains bound by the representations he made during the Rule 11 colloquy.

With respect to counsel's representation at sentencing, Mills contends that he should have protested the aggregation of drug amounts and argued for application of the safety valve provision pursuant to 18 U.S.C. § 3553(f)(5). For the reasons discussed above, however, those arguments would have been frivolous and unsuccessful. As stated, Application Note 6 in U.S.S.G. § 2D1.1 expressly provides for the aggregation of drug amounts when there are multiple drug types or transactions. Nor has Mills adduced any evidence to rebut the Government's proffer that he lied to investigators, except for his own self-serving assertion to the contrary. The Court considered Mills's claim that he was entitled to relief under the safety valve at sentencing, but rejected it based on the Government's proffer that Mills had lied.

Assuming *arguendo* that counsel's performance was objectively deficient, Mills still fails to shows that, but for counsel's errors, there was at least a reasonable probability of a different sentence. *See Glover*, 531 U.S. at 202–04; *Soto*, 10 F. App. at 228. There was more than ample evidence for the Court to have found that Mills was not entitled to application of the safety valve.

---

[3] His sworn, written plea agreement also stated that he was "completely satisfied with the representation of [his] attorney."

In other words, Mills was not prejudiced by anything counsel did or did not do, even if his performance had been substandard (which, to repeat, it was *not*).

## VI.

In his Motion to Grant § 2255 Relief, Mills contends that the Government waived its right to respond to his initial § 2255 Motion by not timely filing its Opposition. Mills filed his initial Motion on November 19, 2010. On November 30, 2010, the Court issued an Order directing the Government to show cause within sixty days as to why the Motion should not be granted. The Court gave the Government an additional sixty-day extension because transcripts from Mills's plea and sentencing hearings were not yet available. The Government stated that once it received the transcripts it would file an appropriate response. Although the Government's response was due on April 4, 2011, the official transcripts of the hearings were not released until May 23. The Government filed its Opposition on June 28, 2011.

The Court declines to strike the Government's Opposition for several reasons. There is a strong judicial preference that cases be decided on their merits and not on the basis of procedural defaults, and that litigants get their day in court. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *cf. Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993) (noting that the Fourth Circuit allows the "harsh sanction" of procedural dismissal only in "extreme cases" where there is a clear record of delay or evidence that a party has engaged in "contumacious conduct") (citations omitted). The Court keeps this preference in mind in exercising its broad discretion over interpretation and application of the Local Rules, *see Reasonover v. St. Louis Cty.*, 447 F.3d 569, 579 (8th Cir. 2006) (citations omitted); *Webb v. Sielaff*, No. 86-7166, 1986 WL 18022, at *1 (4th Cir. Nov. 12, 1986) (citations omitted), including whether to excuse a departure from the Rules.

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 74 (2nd Cir. 2005); *Moats v. City Hosp., Inc.*, 3:06-cv-120, 2007 WL 2220282, at *3 (N.D. W.Va. Aug. 2, 2007). Allowing the Government's untimely Opposition ensures that Mills's habeas petition will be decided on the merits, not on the basis of some totally nonprejudicial technicality. Indeed, the petition's clear lack of merit shows why resolution of the case should not hinge on the Government's failure to file its response within the applicable deadline. *Cf. United States v. Sasscer*, No. Y-97-3026, 2000 WL 1479154, at *3 n.6 (D. Md. Aug. 25, 2000) ("[T]he Court need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993))). The Government's noncompliance with the Local Rules is also mitigated by the fact that the delay was due in significant part to the belated release of the hearing transcripts over which the Government had no control. Finally, Mills has not demonstrated that he would suffer any prejudice from the Court considering the Government's untimely response. The Court has evaluated his initial Motion pursuant to § 2255, as well as his reply to the Government's Opposition and his subsequent Motion to Grant § 2255 Relief. The minimal delay in the briefing schedule did not hinder his ability to make his case or otherwise cause him prejudice.

## VII.

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the

district court is likewise debatable.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Mills has not made the requisite showing here.

## VIII.

For the foregoing reasons, Mills's Motion to Vacate his sentence under 28 U.S.C. § 2255 [Paper No. 309] and Motion to Grant § 2255 Relief [Paper No. 333] are **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 2, 2012**