IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| Plaintiff | * | |
| v. | * | **Criminal No. 09-0468** |
| **TRAVIS MILLS** | * | |
| Defendant | * | |

## **MEMORANDUM OPINION**

Travis Mills has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), citing Amendment 782 to the U.S. Sentencing Guidelines and U.S.S.G. § 1B1.10(d). ECF No. 525. The Court has considered the Motion and the Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2009, Mills was indicted on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty or more grams of crack cocaine, in violation of 21 U.S.C. § 846. ECF No. 1. He entered into a plea agreement, stipulating to a base offense level 32, pursuant to U.S.S.G §§ 2D1.1(a)(3) and 2D1.1(c)(4). ECF No. 183 at 4. He then agreed to a three-level reduction in his adjusted offense level, lowering his final offense level to 29, which, combined with the Court's finding that he had a Category I criminal history, resulted in a sentencing range of 87-108 months' imprisonment under the Sentencing Guidelines. *Id.* Mills, however, was subject to a mandatory minimum sentence of

120 months, pursuant to 21 U.S.C. § 846, which the Court imposed. ECF No 255. In accordance with his plea agreement, he did not appeal his sentence. ECF No. 183 at 2.

Mills now moves for the Court to reduce his sentence under 18 U.S.C. § 3582(c).[1] ECF No. 525.

Under Amendment 782, the Court has discretion to grant a two-point reduction of the base level for some offenses under § 2D1.1 of the U.S. Sentencing Guidelines, so long as there are no other superseding statutory restrictions. 18 U.S.C. § 3582(c)(2).

Notwithstanding the fact that he was sentenced pursuant to a statutory mandatory minimum, Mills argues that his sentence should be reduced to 97 months' imprisonment in light of Amendment 782. This would reflect a two-point reduction of his original base level from 32 to 30 which, with a criminal history of Category I, would lower his sentencing range to 97-121 months. In fact, Mills' final offense level at the time of sentencing was determined to be 29 with a Category I criminal history, producing a sentencing range 87-108 months' imprisonment. However, he received a higher sentence of 120 months' imprisonment due to the requirement of a mandatory minimum sentence under 21 U.S.C. § 846. ECF No. 525.

## II. ANALYSIS

Pursuant to U.S.S.G. § 5G1.1, the Court may not impose a sentence below the statutorily mandated sentence. U.S.S.G. § 5G1.1(b). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *Id.* Since Mills received a sentence pursuant to 21 U.S.C. § 846, which carried a mandatory minimum sentence of 120 months, although it was

---

[1] This section provides that the Court may reduce a defendant's sentence if the corresponding sentencing range has been subsequently lowered, so long as the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."

above the maximum sentencing range of 87-108 months, the Court is unable to lower his sentence.

The Court may modify a defendant's term of imprisonment only when he or she is "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). While Amendment 782 does retroactively reduce the sentencing range for certain offenses, it did not have any effect on the mandatory minimum sentence under which Mills was sentenced. Therefore, 18 U.S.C. § 3582 does not apply.

### III. CONCLUSION

For these reasons, Mills' Motion to Reduce Sentence is **DENIED**.

A separate Order will **ISSUE.**

                                                                                    /s/

                                              **PETER J. MESSITTE**
                                    **UNITED STATES DISTRICT JUDGE**

**April 20, 2017**